CASE 80—PETITION ORDINARY—NOVEMBER 21.

# Thompson's adm'r vs. Coppage

### APPEAL FROM MARION CIRCUIT COURT.

A written obligation to collect the soldier's wages and to pay one hundred and fifty dollars in three and six months, given by a captain for the purpose of assuring payment for a horse purchased for the use of one of his men in the military service, was binding on the captain, and in any event he was liable for the amount when due.

W. B. HARRISON,          For Appellant.

J. P. KNOTT,          For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

The appellee, when a captain in the late Federal army, for the purpose of assuring the payment of one hundred and fifty dollars for a horse bought for the use of one of his soldiers in the military service of the United States, executed to the vendor a written obligation to collect the soldier's wages and to pay the said sum of one hundred and fifty dollars in three and six months.

The obligee, T. M. Thompson, having afterwards died intestate, this suit was brought by his administrator, B. J. Thompson, on that obligation. The petition charged as a breach of the covenent the non-collection of the soldier's wages, and the non-payment of the one hundred and fifty dollars, or any portion thereof, to either the intestate or the plaintiff.

The circuit court sustained a demurrer to the petition, and there being no amendment, dismissed the action.

The only presumable ground for the judgment is, that the circuit court interpreted the covenant as intended to

Thompson's adm'r vs. Coppage.

bind the appellee only to collect and pay over to the covenantee wages earned or which should be earned by the soldier; and if that construction be right, the judgment is right, because the petition contains no allegation that the soldier had ever served so as to be entitled to pay to the extent of one hundred and fifty dollars or to any other amount.

But it seems to this court that the contract imports that the vendor was unwilling to trust the soldier for either faithful service or payment, and therefore required and accepted the appellee's guarantee of both service and payment out of the wages earned by it to the extent of the price of the horse delivered on the appellee's credit alone; and this construction is decisively fortified by the express undertaking, without any condition or qualification, to pay the one hundred and fifty dollars in three and six months, even though the soldier's pay for six months, if he continued to serve that long, would not amount to one hundred and fifty dollars; and, consequently, even though, also, he failed altogether to earn pay.   We cannot escape this conclusion, and especially as the appellee, and not the soldier, was made liable by the contract as written and accepted, and was, therefore, alone trusted for payment for the horse.

Wherefore, the judgment is reversed, and the cause remanded, with instructions to overrule the demurrer to the petition.